IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CASE NO.

KERRY PETERSON and
CALVIN PATTERSON,

Plaintiffs,

v.

MUNICIPALITY OF LUQUILLO,
X INSURANCE COMPANY, unknown
joint tortfeasor, MULTINATIONAL
INSURANCE COMPANY, A CORP,          PLAINTIFFS DEMAND TRIAL
unknown tortfeasor, Y INSURANCE     BY JURY
COMPANY, unknown joint tortfeasors,
PARAISO PR, LLC, Z Insurance Company
and AIRBNB, INC.

Defendants.

_____/

## COMPLAINT

**COME NOW**, the Plaintiffs KERRY PETERSON and CALVIN PATTERSON, by and through

undersigned counsel, file this Complaint, and alleges against Defendants, MUNICIPALITY OF

LUQUILLO, X INSURANCE COMPANY, MULTINATIONAL INSURANCE COMPANY, A

CORP, Y INSURANCE COMPANY, PARAISO PR LLC, and AIRBNB, INC. as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332,

Diversity of Citizenship.  Complete diversity of citizenship exists between the Plaintiffs and the

Defendants. Damages in this action exceed $75,000, exclusive of interest and costs.

2.      Plaintiffs, Kerry Peterson and Calvin Patterson are of legal age, single, and are

domiciled in the State of Missouri.

3.     Defendant, MUNICIPALITY OF LUQUILLO ("LUQUILLO") is the municipal authority with its principal office located at 46 Jose M Lugo Calzada Street, #60, Luquillo, Puerto Rico, 00773.

4.     X INSURANCE COMPANY[1] is the fictitious name used to denote an insurance company organized and existing under the laws of Puerto Rico, having its principal place of business in Puerto Rico, that at the time of the incident complained of, had in effect an insurance policy to cover the liability of Defendant, the Municipality of Luquillo, and whose name is unknown at the time of filing this complaint.

5.     MULTINATIONAL INSURANCE COMPANY, by information and belief, is an insurance company organized and existing under the laws of Puerto Rico, having its principal place of business in Puerto Rico, that at the time of the incident complained of, had in effect an insurance policy to cover the liability of Puerto Rico's Department of Natural Resources, hereinafter referred to as "DNRA" and/or other defendants.

6.     A CORP[2] is the fictitious name used to denote another company organized and existing under the Laws of Puerto Rico or another jurisdiction that is not Missouri, having its principal place of business in Puerto Rico. that at the time of the incident complained of, was the company maintaining Playa Costa Azul Luquillo, Puerto Rico, where the subject incident took place, and whose name is unknown at the time of filing this complaint.

---

[1] Plaintiffs have made a good faith effort to properly identify this entity but have been unable to at the time of the filling of this Complaint.
[2] Plaintiffs have made a good faith effort to properly identify this entity but have been unable to at the time of the filling of this Complaint.

7.     Y INSURANCE COMPANY[3] is the fictitious name used to denote an insurance company organized and existing under the laws of Puerto Rico, having its principal place of business in Puerto Rico, that at the time of the incident complained of, had in effect an insurance policy to cover the liability of Defendant, A CORP, whose name is unknown at the time of filing this complaint.

8.     Defendant, PARAISO PR, LLC, by information and belief, is a limited liability company, created and existing by virtue of the laws of Puerto Rico with principal place of business in Puerto Rico located at Villa Asturias, 29-3, 33 Street, Carolina, Puerto Rico, 00983.  The sole member of PARAISO PR, LLC is Gerardo Sanchez Rivera, who is single, business person and domiciled in Carolina, Puerto Rico.

9.     Defendant, AIRBNB, INC. is a Delaware Corporation with a principal place of business in San Francisco, California, managing and operating an online marketplace for short-term homestays and experiences, to include the use of the services of PARAISO PR, LLC as further averred in this complaint as of its contracted experience providers.

10.     Airbnb serves clients like Plaintiffs, KERRY PETERSON AND CALVIN PATTERSON, throughout the United States, including the Commonwealth of Puerto Rico. Using the services of Airbnb, Ms. Peterson and Mr. Patterson booked an experience, a guided tour of Puerto Rico conducted by PARAISO PR, LLC.

11.     Under 28 U.S.C. § 1391(b), venue is proper in Puerto Rico where a substantial part of the events or omissions giving rise to the claim occurred in Luquillo, Puerto Rico.

## GENERAL FACTUAL ALLEGATIONS AND DAMAGES

---

[3] Plaintiffs have made a good faith effort to properly identify this entity but have been unable to at the time of the filling of this Complaint

12.     Plaintiffs repeat, reiterate, and reallege, each and every allegation contained in this complaint with the same force and effect as if fully set forth herein.

13.     Plaintiffs, Kerry Peterson and Calvin Patterson came to Puerto Rico on vacation and booked and paid for an experience through Defendant, AIRBNB, INC. for an "iconic bundle four-in-one tour" of Puerto Rico with experience host, Reggie of Paraiso PR, LLC.

14.     On March 5, 2022, as part of its guided tour, PARAISO PR, LLC made a stop with Plaintiffs along the northeast coast of Puerto Rico, at Playa Costa Azul. When an agent of PARAISO PR, LLC attempted to fasten a hammock at Playa Costa Azul to a nearby palm tree, that tree fell from its roots and onto Plaintiffs, causing them significant and life changing injuries.

15.     Plaintiffs received emergency treatment in Puerto Rico and later at the place of their domicile.

16.     At all times material, the Defendant, LUQUILLO, owned, maintained, controlled, and/or supervised trees and the beach area located at or near the place where the accident occurred in Luquillo.  Defendant, LUQUILLO and/or DRNA, did own, supervise, control, and/or maintain said trees and the area surrounding said trees and the beach area of Playa Azul, through its agents, employees, servants and contractors.

17.     At all times material, the Defendant, LUQUILLO and/or DRNA, through its agents, employees, servants and contractors, owned, maintained, controlled, and/or supervised the beaches, which the aforementioned palm tree was located, to include the area contained, located on, surrounded by, and/or adjacent to, said palm tree.

18.     That at all times material, the Defendant, LUQUILLO and/or DNRA, had the responsibility, authority and/or obligation to maintain, monitor, eliminate, inspect, control, and/or service the trees on Playa Costa Azul including the aforementioned palm tree. Defendant,

MUNICIPALITY OF LUQUILLO and/or DRNA, did maintain, control, and/or service the aforementioned trees and the surrounding beach area through its agents, employees, servants and contractors.

19.     That at all times material, the Defendant, A CORP, had the responsibility, authority and/or obligation to maintain, inspect, eliminate, remove, control, and/or service the trees on Playa Costa Azul, including the aforementioned palm tree located in Playa Costa Azul. Defendant, at the request of the Luquillo defendants and DRNA, did maintain, control, and/or service the aforementioned maintenance of trees through its agents, employees, servants and contractors.

20.     The insurance carriers for LUQUILLO, DNRA, and A CORP, were at all times relevant herein, insurance companies authorized to do business as such in the Commonwealth of Puerto Rico which issued public liability and/or insurance policies on behalf of the LUQUILLO, DNRA, and A CORP.

21.     That as a direct and proximate result of the negligence of the Defendant, LUQUILLO, the Plaintiffs, KERRY PETERSON and CALVIN PATTERSON, suffered permanent and substantial bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition, when they were struck by a falling palm tree at Playa Azul. The losses are catastrophic, permanent and continuing in nature and Plaintiff will suffer these losses in the future.

22.     The value of KERRY PETERSON'S damages for physical injuries, past, present, and future pain, suffering and mental anguish, loss of enjoyment of life and her permanent impairment to her spinal cord is estimated in a sum in excess of TWO MILLION DOLLARS AND 00/100 ($2,000,000.00).

23.     The value of CALVIN PATTERSON'S damages for physical injuries, past,

present, and future pain, suffering and mental anguish and his permanent impairment to his right shoulder and his loss of enjoyment of life is estimated in a sum in excess of ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).

24.    That as a further direct and proximate result of the negligence of the Defendant, LUQUILLO, the Plaintiff, KERRY PETERSON, incurred unwanted expense of hospitalization, expense of medical care and treatment, and expense of rehabilitative care and treatment.  The losses are permanent and continuing in nature and is estimated in a sum in excess of ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).

25.    That as a further direct and proximate result of the negligence of the Defendant, LUQUILLO, the Plaintiff, CALVIN PATTERSON, incurred unwanted expense of hospitalization, expense of medical care and treatment, and expense of rehabilitative care and treatment.  The losses are permanent and continuing in nature and is estimated in a sum in excess of ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).

26.    Moreover, as a further direct and proximate result of the negligence of the Defendant, LUQUILLO, the Plaintiff, KERRY PETERSON, suffered loss of earnings and the loss of ability to earn money in the future.  The losses are permanent and continuing in nature and is estimated in a sum in excess of ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).

27.    Moreover, as a further direct and proximate result of the negligence of the Defendant, LUQUILLO, the Plaintiff, CALVIN PATTERSON, suffered loss of earnings and the loss of ability to earn money in the future.  The losses are permanent and continuing in nature and is estimated in a sum in excess of ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).

28.    All conditions precedent to bringing this action have been met or waived.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Negligence against MUNICIPALITY OF LUQUILLO

29.     Plaintiffs incorporate by reference paragraphs 1–20 above as if fully set forth herein and further declare:

30.     The Defendant, LUQUILLO, through its acts or omissions, caused damages to Plaintiffs through fault or negligence in violation of Article 1536 of the Civil Code of Puerto Rico.

31.     That the Defendant, LUQUILLO, and its employees and agents, had a duty to properly inspect, maintain, and/or service the trees and the area located at Playa Azul in Luquillo, so as to either eliminate and/or prevent said tree from falling from its roots and creating a dangerous condition for the public, including the Plaintiffs.

32.     That the Defendant, LUQUILLO, and its employees and agents had a duty to warn the Plaintiffs about the dangerous condition created by the Defendant's failure act to properly inspect, control, and/or service the aforementioned trees and beach area where the accident occurred.

33.     That the Defendant, LUQUILLO, and its employees and agents had a duty to properly supervise the inspection, maintenance, and service activities of its agents, employees, or subcontractors with regard to the aforementioned trees and beaches and/or to report to the pertinent entity the removal of the dangerous tree.

34.     That the Defendant, LUQUILLO, and its employees and agents had a duty to properly supervise A CORP. with regard to the inspection, maintenance, and service activities of the aforementioned trees and beaches.

35.     That the Defendant, LUQUILLO, and its employees and agents, had a duty to correct the dangerous condition created by the Defendant's failure to properly inspect, control,

7

and/or service the aforementioned trees and/or beaches, which was known to the Defendant, or should have been known to the Defendant through the use of reasonable care.

36.   The Defendant, LUQUILLO and its employees, grossly breached its duties by:

a.   Failing to act and to maintain the aforementioned palm tree and aforementioned beaches in a reasonably safe condition, so as to prevent said tree from said beach from falling onto persons such as the Plaintiffs.

b.   failing to act and to maintain the property within which the aforementioned tree was contained, located on, surrounded by, and/or adjacent to, in a reasonably safe condition, as was necessary to prevent the said tree from said beach from falling onto persons such as the Plaintiffs.

c.   failing to act and to correct or warn of the dangerous condition when the Defendant either knew or should have known of the danger due to the passage of time, the proximity of the trees to pedestrians, and/or the occurrence of prior similar incidents under similar circumstances.

d.   failing to maintain the trees surrounding and/or adjacent to the aforementioned beaches, such that the trees were rotted and/or compromised, creating a dangerous condition.

e.   failing to properly act, maintain, remove, eliminate, monitor, control, and/or service the aforementioned tree causing said tree to rot and/or deteriorate which caused said tree to fall from its root and come into contact with the Plaintiffs, creating a near fatally dangerous condition at Playa Azul, Luquillo, a public area;

f.   failing to properly inspect the aforementioned trees and beaches to determine whether any hazards existed, thereby creating allowing a dangerous condition to be present at the place of the accident, a public area.

## SECOND CAUSE OF ACTION

### Negligence against X INSURANCE COMPANY

37.   Plaintiffs incorporate by reference paragraphs 1–36 above as if fully set forth herein and further declare:

38.     Pursuant to P.R. Laws Annotated Title 26, § 2001, a direct action may be brought in the Commonwealth of Puerto Rico against a casualty or liability insurance carrier for the negligence or fault of its insured. Therefore, X INSURANCE COMPANY, unknown joint tortfeasor, as the insurance carrier of the Municipality of Luquillo is responsible for the acts or omissions on the part of their respective principal, the Municipality of Luquillo.

39.     The Defendant, LUQUILLO, and its employees through its acts or omissions, caused damages to Plaintiffs through fault or negligence in violation of Article 1536 of the Civil Code of Puerto Rico of 2020.

40.     That the Defendant, LUQUILLO, and its employees had a duty to properly inspect, maintain, remove, and/or service the trees located at or near Playa Azul, Luquillo,  so as to eliminate and/or prevent said tree from falling from its roots and creating a dangerous condition for the public, including the Plaintiffs.

41.     That the Defendant, LUQUILLO, and its employees had a duty to warn the Plaintiffs about the dangerous condition created by the Defendant's failure to properly inspect, control, and/or service the aforementioned trees and beaches.  Yet the Municipality and its employees failed to act.

42.     That the Defendant, LUQUILLO, and its employees had a duty to properly supervise the inspection, maintenance, and service activities of its agents, employees, or subcontractors with regard to the aforementioned trees and beaches. Yet the Municipality and its employees failed to act.

43.     That the Defendant, LUQUILLO, had a duty to properly supervise A CORP. with regard to the inspection, maintenance, and service activities of the aforementioned trees and beaches.

44.     That the Defendant, LUQUILLO, and its employees had a duty to correct the dangerous condition created by the Defendant's failure to properly inspect, monitor, eliminate, remove, control, and/or service the aforementioned trees and/or beaches, which was known to the Defendant, or should have been known to the Defendant through the use of reasonable care.

45.     That the Defendant, LUQUILLO and its employees and agents, grossly breached its duties by:

a.      failing to maintain the aforementioned palm tree and aforementioned beaches in a reasonably safe condition, so as to prevent said tree from said beach from falling onto persons such as the Plaintiffs.

b.      failing to maintain the property within which the aforementioned tree was contained, located on, surrounded by, and/or adjacent to, in a reasonably safe condition, as was necessary to prevent the said tree from said beach from falling onto persons such as the Plaintiffs.

c.      failing to act and to correct or warn of the dangerous condition when the Defendant either knew or should have known of the danger due to the passage of time, the proximity of the trees to pedestrians, and/or the occurrence of prior similar incidents under similar circumstances.

d.      failing to act and to maintain the trees surrounding and/or adjacent to the aforementioned beaches, such that the trees were rotted and/or compromised, creating a dangerous condition.

e.      failing to properly maintain, control, and/or service the aforementioned tree causing said tree to rot and/or deteriorate which caused said tree to fall from its root and come into contact with the Plaintiffs, creating a near fatally dangerous condition at or near Playa Azul, Luquillo, a public area;

f.      failing to properly inspect and/or remove the aforementioned trees and inspect and monitor beaches to determine whether any hazards existed, thereby allowing a dangerous condition at Playa Azul, Puerto Rico, a public area.

46.     That as a direct and proximate result of the gross negligence of the Defendant,

LUQUILLO and its employees and agents, the Plaintiffs, KERRY PETERSON and CALVIN PATTERSON, suffered permanent and substantial bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition and all economic damages as previously averred in this complaint.

47.     Said insurance company is jointly responsible, as per the terms of its insurance policy for all damages claimed in this complaint.


### **THIRD CAUSE OF ACTION**

### **Negligence against MULTINATIONAL INSURANCE COMPANY**

48.     Plaintiffs incorporate by reference paragraphs 1–47 above as if fully set forth herein and further declare:

49.     Pursuant to P.R. Laws Annotated Title 26, § 2001, a direct action may be brought in the Commonwealth of Puerto Rico against a casualty or liability insurance carrier for the negligence or fault of its insured. Therefore, MULTINATIONAL INSURANCE COMPANY, a joint tortfeasor, as per the insurance carrier of the DNRA and the insurance policies in effect at the time of the accident is responsible for the acts or omissions on the part of their respective principal, the DNRA and for all damages caused each of the plaintiffs to suffer.

50.     The DNRA, through its acts or omissions, caused damages to Plaintiffs through fault or negligence, and thus MULTINATIONAL INSURANCE COMPANY is responsible for the payment of all damages caused by negligence of the DNRA, as per the terms of its insurance policy in effect at the time of the accident described in this complaint.

51.     That the DNRA and its employees and agents, had a duty to properly inspect, maintain, eliminate, remove and/or service the trees located at or near Playa Azul, Luquillo, so as

to either eliminate said dangerous tree and/or prevent said tree from falling from its roots and creating a dangerous condition for the public, including the Plaintiffs. Yet they failed to act.

52.     That the DNRA, had a duty to warn the Plaintiffs about the dangerous condition created by the Defendant's failure to properly inspect, control, and/or service the aforementioned trees and beaches.  Yet, they failed to act.

53.     That the DNRA and its employees and agents, had a duty to properly supervise the inspection, maintenance, and service activities of its agents, employees, or subcontractors with regard to the aforementioned trees and beaches. Yet they failed to act.

54.     That the DNRA, had a duty to properly supervise A CORP. with regard to the inspection, maintenance, removal and service activities of the aforementioned trees and beaches. Yet they failed to act and to supervise.

55.     That the DNRA, had a duty to correct the dangerous condition created by the Defendant's failure to properly inspect, control, and/or service the aforementioned trees and/or beaches, which was known to the Defendant, or should have been known to the Defendant through the use of reasonable care. Yet they failed to supervise and to act.

56.     That the DNRA and its employees and agents, grossly breached its duties by:

a.     failing to maintain the aforementioned palm tree and aforementioned beaches in a reasonably safe condition, so as to prevent said tree from said beach from falling onto persons such as the Plaintiffs.

b.     failing to maintain the property within which the aforementioned tree was contained, located on, surrounded by, and/or adjacent to, in a reasonably safe condition, as was necessary to prevent the said tree from said beach from falling onto persons such as the Plaintiffs.

c.     failing to correct or warn of the dangerous condition when the Defendant either knew or should have known of the danger due to the passage of time, the proximity

12

of the trees to pedestrians, and/or the occurrence of prior similar incidents under similar circumstances.

d.      failing to maintain and/or remove and/or eliminate the trees surrounding and/or adjacent to the aforementioned beaches, such that the trees were rotted and/or compromised, creating a dangerous condition.

e.      failing to properly maintain, control, and/or service the aforementioned tree causing said tree to rot and/or deteriorate which caused said tree to fall from its root and fall on the Plaintiffs, creating a near fatally dangerous condition at or near Playa Azul, Luquillo, a public area;

f.      failing to properly inspect the aforementioned trees and beaches to determine whether any hazards existed, beach erosion, and thereby failing to proper monitor and identify a dangerous condition at or Playa Azul, Luquillo, 00773, Puerto Rico, a public area.

57.      That as a direct and proximate result of the gross negligence of the DNRA, the Plaintiffs, KERRY PETERSON and CALVIN PATTERSON, suffered permanent and substantial bodily injury and economic damages as previously averred in the complaint.

58.      Multinational Insurance Company as per the terms and conditions in effect of the insurance policy issued in favor of the DNRA are also jointly responsible with the rest of the defendants to pay for all damages suffered by the plaintiffs as averred in this complaint.

### FOURTH CAUSE OF ACTION
### Negligence against A CORP

59.      Plaintiffs incorporate by reference paragraphs 1–58 above as if fully set forth herein and further declare:

60.      The Defendant, A CORP, through its acts or omissions, caused damages to Plaintiffs through fault or negligence in violation of Article 1536 of the Civil Code of Puerto Rico of 2020.

61.      That the Defendant, A CORP, at the time and day of the accident had a duty to

properly inspect, maintain, and/or service the trees located at or near Playa Azul, Luquillo, Puerto Rico, so as to prevent said tree from falling from its roots and creating a dangerous condition for the public, including the Plaintiffs.

62.     That the Defendant, A CORP, had a duty to act and to warn the Plaintiffs about the dangerous condition created by the Defendant's failure to properly inspect, control, and/or service the aforementioned trees and the beach area of Playa Azul.

63.     That the Defendant, A CORP and its employees had a duty to properly supervise the inspection, maintenance, and service activities of its agents, employees, or subcontractors with regard to the aforementioned trees and beaches.  Yet they failed to act.

64.     That the Defendant, A CORP and its employees, had a duty to correct and/or eliminate and/or remove the dangerous condition created by the Defendant's failure to properly inspect, control, and/or service the aforementioned trees and/or beaches, which was known to the Defendant, or should have been known to the Defendant through the use of reasonable care.  Yet they failed to act.

65.     That the Defendant, A CORP and its employees, grossly breached its duties by:

a.      failing to act to maintain the aforementioned palm tree and aforementioned beaches in a reasonably safe condition, so as to prevent said tree from said beach from falling onto persons such as the Plaintiffs and/or in eliminating such a hazardous condition.

b.      failing to act and to maintain the property within which the aforementioned tree was contained, located on, surrounded by, and/or adjacent to, in a reasonably safe condition, as was necessary to prevent the said tree from said beach from falling onto persons such as the Plaintiffs.

c.      failing act to correct or warn of the dangerous condition when the Defendant either knew or should have known of the danger due to the passage of time, the proximity of the trees to pedestrians, and/or the occurrence of prior similar incidents under

14

similar circumstances.

d.       failing act to maintain the trees surrounding and/or adjacent to the aforementioned beaches, such that the trees were rotted and/or compromised, creating a dangerous condition.

e.       failing to properly act, maintain, control, and/or service the aforementioned tree causing said tree to rot and/or deteriorate which caused said tree to fall from its root and come into contact with the Plaintiffs, creating a near fatally dangerous condition at or near Playa Azul, Luquillo, a public area;

f.       failing to properly inspect the aforementioned trees and beaches to determine whether any hazards existed, thereby allowing a dangerous condition to be present that resulted in a tragic event at or near Playa Azul, Luquillo, a public area

66.     That as a direct and proximate result of the negligence of the Defendant, A CORP and its employees, the Plaintiffs, KERRY PETERSON and CALVIN PATTERSON, suffered permanent and substantial damages as previously averred in this complaint.

67.     A CORP is thus jointly responsible with the rest of the defendants for all damages caused to suffer, as previously averred in this complaint.

## FIFTH CAUSE OF ACTION
### Negligence against Y INSURANCE COMPANY

68.     Plaintiffs incorporate by reference paragraphs 1–67 above as if fully set forth herein and further declare:

69.     Pursuant to P.R. Laws Annotated Title 26, § 2001, a direct action may be brought in the Commonwealth of Puerto Rico against a casualty or liability insurance carrier for the negligence or fault of its insured. Therefore, Y INSURANCE COMPANY, unknown joint tortfeasor, as the insurance carrier of the A CORP is responsible for the acts or omissions on the part of their respective principal, the A CORP.

15

70.     The Defendant, A CORP, through its acts or omissions and that of its employees, caused damages to Plaintiffs through fault or negligence in violation of Article 1536 of the Civil Code of Puerto Rico of 2020.

71.     That the Defendant, A CORP, and its employees had a duty to properly inspect, maintain, and/or service and/or remove and/or eliminate dangerous trees at or near Playa Azul, Luquillo, Puerto Rico, so as to prevent said tree from falling from its roots and injuring the public.

72.     That the Defendant, A CORP, and its employees had a duty to warn the Plaintiffs about the dangerous condition created by the Defendant's failure to properly inspect, control, and/or service the aforementioned trees and beaches.

73.     That the Defendant, A CORP and its employees, had a duty to properly supervise the inspection, maintenance, and service activities of its agents, employees, or subcontractors with regard to the aforementioned trees and beaches.

74.     That the Defendant, A CORP, and its employees had a duty to correct and/or eliminate and/or remove the dangerous condition created by the Defendant's failure to properly inspect, control, and/or service the aforementioned trees and/or beaches, which was known to the Defendant, or should have been known to the Defendant through the use of reasonable care.

75.     That the Defendant, A CORP and its employees, grossly breached its duties by:

a.      failing to maintain the aforementioned palm tree and aforementioned beaches in a reasonably safe condition, so as to prevent said tree from said beach from falling onto persons such as the Plaintiffs.

b.      failing to maintain the property within which the aforementioned tree was contained, located on, surrounded by, and/or adjacent to, in a reasonably safe condition, as was necessary to prevent the said tree from said beach from falling onto persons such as the Plaintiffs.

c.      failing to act to correct or warn of the dangerous condition when the Defendant

16

either knew or should have known of the danger due to the passage of time, the proximity of the trees to pedestrians, and/or the occurrence of prior similar incidents under similar circumstances.

d.      failing to act to maintain the trees surrounding and/or adjacent to the aforementioned beaches, such that the trees were rotted and/or compromised, creating a dangerous condition.

e.      failing to act to properly maintain, control, and/or service the aforementioned tree causing said tree to rot and/or deteriorate which caused said tree to fall from its root and come into contact with the Plaintiffs, creating a near fatally dangerous condition at or near Playa Azul, Luquillo, Puerto Rico, a public area;

f.      failing to properly inspect and/or identify the aforementioned dangerous trees and beaches to determine whether any hazards existed, thereby allowing and/or creating a dangerous condition at or near Playa Azul, Luquillo, Puerto Rico, a public area

76.    That as a direct and proximate result of the negligence of the Defendant, A CORP, the Plaintiffs, each of the plaintiffs as previously averred, suffered permanent physical and moral damages and economic damages.

77.    A CORP, with the rest of the defendants is jointly responsible for all damages caused the plaintiffs to suffer as a consequence of such negligent acts or omissions.  A CORP as per the terms and conditions of the policy issued in its favor by Y Insurance Company, is jointly responsible with the rest of the defendants for all damages caused the plaintiffs to suffer as previously averred in this complaint.

## SIXTH CAUSE OF ACTION
### Negligence against PARAISO PR, LLC

78.    Plaintiffs incorporate by reference paragraphs 1–77  above as if fully set forth herein and further declare:

79.    The Defendant, PARAISO PR, LLC and its employees and/or contractors, through its acts or omissions and/or the acts or omissions of its employees or contractors, caused damages

to Plaintiffs through fault or negligence in violation of Article 1536 of the Civil Code of Puerto Rico of 2020 and other dispositions of the Civil Code of Puerto Rico regarding damages and employees.

80.    That the Defendant, PARAISO PR, LLC selected the place to take the plaintiffs and had a duty to use reasonable care to warn Plaintiffs of the condition and the risk involved to the public, including the Plaintiffs.

81.    That the Defendant, PARAISO PR, LLC and its employees and contractors breached its duties by:

   a.    failing to detect and to warn of the dangerous condition when the Defendant either knew or should have known of the danger due to the condition of the palm tree that fell, the passage of time, the proximity of the trees to pedestrians, and/or the occurrence of prior similar incidents under similar circumstances.

   b.    By failing to select a safe area that was hazard free for the enjoyment of the plaintiffs.

   c.    By failing to assign an employee that was properly trained and aware of dangerous conditions to avoid, such as dangerous palm trees.

   d.    By failing to properly train an employee that could detect dangerous conditions such as dangerous trees so as to avoid accidents like the one suffered by each of the plaintiffs.

   e.    such further acts and omissions as may be discovered.

82.    That as a direct and proximate result of the gross negligence of the Defendant PARAISO PR, LLC, and its employess, the Plaintiffs, KERRY PETERSON and CALVIN PATTERSON, suffered permanent and substantial physical, moral and economic damages as previously averred in this complaint.

83.    PARAISO PR, LLC, is thus jointly responsible with the rest of the defendants for all damages caused the plaintiffs to suffer though their gross negligence as previously averred in

this complaint.

## SEVENTH CAUSE OF ACTION
### Negligence against Z  INSURANCE COMPANY

84.     Plaintiffs incorporate by reference paragraphs 1–83 above as if fully set forth herein and further declare:

85.     Pursuant to P.R. Laws Annotated Title 26, § 2001, a direct action may be brought in the Commonwealth of Puerto Rico against a casualty or liability insurance carrier for the negligence or fault of its insured. Therefore, Z INSURANCE COMPANY, unknown joint tortfeasor, as the insurance carrier of **PARAISO PR, LLC**  and/or Airbnb is responsible for the acts or omissions on the part of their respective insured **PARAISO PR, LLC and/or Airbnb, Inc.**

86.     The Defendant, Paraiso PR LLC, through its acts or omissions and that of its employees, caused damages to Plaintiffs through fault or negligence in violation of Article 1536 of the Civil Code of Puerto Rico of 2020.

87.     That the Defendant, Paraiso PR LLC, and its employees had a duty to properly inspect and select the area were the tour for the plaintiffs was going to be carried out.

88.     That the Defendant, Paraiso PR LLC, and its employees failed to identify present dangers at the beach area, selecting a palm tree that was dangerous in order to try to install a hammock.

89.     That the defendant Paraiso PR LLC and its employees actions in failing to anticipate the dangers placing a hammock in a defective palm tree were careless and carried out with total disregard to the safety and well-being of the plaintiffs.

90.     That said careless and negligent act of Paraiso PR LLC and its employee in placing a hammock in a dangerous palm tree caused catastrophic damages to the plaintiffs.

91.     Said accident would not have happened if Paraiso PR LLC and its employees were observant to the dangers of the palm tree and/or were properly trained to recognize such dangers.

92.     That the Defendant, Paraiso PR LLC and its employees, grossly breached its duties by:

A.   Failing to select a safe and adequate place to conduct its contracted tour.

B.   Failing to properly select and train an employee that could notice present dangers and avoid them.maintain the aforementioned palm tree and aforementioned beaches in a reasonably safe condition, so as to prevent said tree from said beach from falling onto persons such as the Plaintiffs.

C.   Failing to detect and warn of dangerous conditions present at Playa Azul, particularly the dangerous and unstable palm tree that eventually fell on the plaintiffs due to the actions of Paraiso PR LLC and its employee.

93.     That as a direct and proximate result of the negligence of the Defendant, Paraiso PR LLC and its employees and/or contractor, each of the plaintiffs as previously averred, suffered permanent physical and moral damages and economic damages.

94.     Paraiso PR LLC, with the rest of the defendants is jointly responsible for all damages caused the plaintiffs to suffer as a consequence of such negligent acts or omissions.  Pariso PR LLC, as per the terms and conditions of the policy issued in its favor of Paraiso PR LLC and/or Airbnb, Inc. is jointly responsible with the rest of the defendants for all damages caused the plaintiffs to suffer as previously averred in this complaint.

### EIGHTH CAUSE OF ACTION
### Negligence against Airbnb, Inc.

95.     Plaintiffs incorporate by reference paragraphs 1–94 above as if fully set forth herein and further declare:

96.     The Defendant, AIRBNB, INC., through its acts or omissions, caused damages to Plaintiffs through fault or negligence in violation of Article 1536 of the Civil Code of Puerto Rico.

97.    That the Defendant, AIRBNB, INC., had a duty to use reasonable care to contract with and select proper operators to conduct tours, since they promoted the services of PARAISO PR, LLC and others, as a profit generation operation to benefit Airbnb, Inc.

98.    That the Defendant, AIRBNB, INC., failed in properly selecting and promoting qualified and trained tour operators, such as PARAISO PR, LLC and in ensuring that said operator knew how to detect and avoid dangerous conditions such as dangerous trees so that their business patrons did not suffer damages in the use of its promoted services.

99.    That the Defendant, AIRBNB, INC., enjoyed a profit – an economic benefit - for the tour booked for the services of PARAISO PR, LLC , at the expense of each of the plaintiffs. Yet, AIRBNB, Inc. grossly failed in selecting a well trained and qualified tour operator that would avoid dangerous conditions as described in this complaint.  Its failure to properly select the tour operator resulted in the life changing damages suffered by each of the plaintiffs.

100.    That the Defendant, AIRBNB, INC., grossly breached its duties by:

a.    failing to select the proper tour operator.

b.    Failing to ensure that the tour operator and the employees used by the tour operator were properly trained in how to avoid dangerous conditions.

c.    Making promoting a tour and making a profit at the expense of the plaintiffs without taking proper measures to ensure that its promoted tour operator and its employees were well trained and capable of performing a tour without placing at risk the lives of the plaintiffs.

d.    such further acts and omissions as may be discovered.

101.    That as a direct and proximate result of the negligence of the Defendant, AIRBNB, INC., the Plaintiffs, KERRY PETERSON and CALVIN PATTERSON, suffered permanent and substantial bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and aggravation of a previously existing condition and economic

damages as previously averred in this complaint.

102.     Airbnb, Inc. and the rest of the defendants are thus jointly responsible to each of the plaintiffs for all damages suffered.

## GROSS NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS
## ARTICLE 1538 OF THE CIVIL CODE OF PUERTO RICO OF 2020

103.     Plaintiffs incorporate by reference paragraphs 1–91  above as if fully set forth herein and further declare:

104.      As per the previous averments, the Municipality of Luquillo,  the unknown contractors, Paraiso PR, LLC and Airbnb were grossly negligent in that they acted or failed to act knowingly, intentionally and with gross regard to the safety and well being of the plaintiffs, allowing with their acts and omissions this accident to happen and the life changing and catastrophic consequences of the same as averred in this complaint.

105.      If the jury determines, based on the factual and evidence presented at trial that any and/or all of the defendants acted or failed to act knowingly, intentionally and with gross disregard to the safety and well being of each of the plaintiffs as averred in this complaint, as per the provisions of Article 1538 of the Civil Code of Puerto Rico of 2020, plaintiffs also pray that the total amount of compensation awarded by a jury be doubled.

**106.**      All of the defendants as per the previous averments included in this complaint to include named and unknown insurance companies are jointly responsible for the accident and the payment of damages as may be determined by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against the Defendants on each of the above-referenced claims and Causes of Action and as follows:

1.  Past, present and future general damages, as may be determined by a jury at time of trial;

2.  Past and future economic and special damages according to proof at the time of trial;

3.  Loss of earnings and impaired earning capacity according to proof at the time of trial;

4.  Medical expenses, past and future, according to proof at the time of trial;

5.  Attorney's fees;

6.  For costs of suit incurred herein;

7.  For pre-judgment interest as provided by law; and

8.  For such other and further relief as the Court may deem just and proper.

9.  Double damages as allowed by Article 1538 of the Civil Code of Puerto Rico of 2020

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

In San Juan, Puerto Rico this February 28, 2023

**Respectfully submitted.**

*s/ Steven Hammer*___
**SCHLESINGER LAW OFFICES, P.A.**
Steven J. Hammer- *Pro Hac Vice anticipated*
Florida Bar No.: 602485
sjh@schlesingerlaw.com
Cristina Sabbagh- *Pro Hac Vice anticipated*
Florida Bar No.: 122244

csabbagh@schlesingerlaw.com
1212 SE 3rd Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800

**RIVERA-ASPINALL, GARRIGA & FERNANDINI LAW FIRM**
Attorney for Plaintiffs
1647 Adams St. Summit Hills
San Juan, PR 00920-4510
Telephone: 787-792-8644
Cel: 787 360 0094

s/ Julian Rivera-Aspinall
Julian Rivera-Aspinall, Esq.
USDC PR No.: 208506
aspinall@ragflaw.com