IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KERRY PETERSON AND CALVIN PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>MUNICIPALITY OF LUQUILLO, ET AL.,<br><br>Defendants. | CIV. NO.: 23-1094 (SCC) |

**OPINION AND ORDER**

Plaintiffs Kerry Peterson and Calvin Patterson (collectively, "Plaintiffs") filed suit under Puerto Rico's general tort statute against, *inter alia*, Defendant the Municipality of Luquillo (the "Municipality"). Plaintiffs allege that they suffered physical and emotional damages after a palm tree fell on them while at Playa Costa Azul[1] (the "Beach"), which is in the municipality of Luquillo. The Municipality moves for summary judgment on the ground that Plaintiffs did not comply with the Municipal Code of Puerto Rico's (the "Municipal Code") claim notice requirement. *See* Docket No. 74. Plaintiffs opposed the request. *See* Docket Nos. 83. For the reasons set forth below,

---

[1] Plaintiffs refer to the beach in question as Playa Costa Azul/Playa la Pared interchangeably. Notwithstanding this inconsistency, it is undisputed that the beach is in Luquillo, therefore, for ease of reference, the Court will refer to the body of water in question as the "Beach."

the Municipality's Motion for Summary Judgment at Docket No. 74 is **GRANTED.**

## I.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper under Rule 56, when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The movant bears the initial burden of establishing "the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But after the movant makes that initial showing, to overcome a motion for summary judgment, the non-movant must demonstrate "through submissions of evidentiary quality, that a trial worthy issue persists." *See Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006). And while the Court draws all reasonable inferences from the record in the light most favorable to the non-movant, here, Plaintiffs, in doing so, it casts aside and ignores all "conclusory allegations, improbable inferences, and unsupported speculation." *See García-García v. Costco Wholesale Corp.*, 878 F.3d 411, 417 (1st Cir. 2017) (internal quotations and citations omitted).

Peterson, et al. v. Municipality of Luquillo, et al.                                   Page 3

## B.  The Undisputed Facts ("UF")

To make its factual findings, the Court considered the Municipality's Statement of Uncontested Material Facts in Support of its Motion for Summary Judgment ("MSUF"), *see* Docket No. 75, and Plaintiffs' Response to the Municipality's Statement of Uncontested Facts and Counter Statement of Material Facts ("PRUF"), *see* Docket No. 84.  The Court finds that the following facts are undisputed:

1. On March 3, 2022, while vacationing in Puerto Rico, Plaintiffs booked a guided tour (the "Tour"). PRUF ¶ 1; Docket No. 84, pg. 7.
2. On March 5, 2022, as part of the Tour, Plaintiffs stopped at the Beach. PRUF ¶ 2; Docket No. 84, pg. 7. During that stop, a palm tree fell on top of the Plaintiffs (the "Accident"). PRUF ¶ 4; Docket No. 84, pg. 7.
3. Shortly after the Accident, agents from the Puerto Rico Police Department ("PRPD") arrived at the scene and completed an Incident Report. PRUF ¶ 5; Docket No. 84, pg. 7.
4. Plaintiff Peterson was then transported to the Centro Médico de Puerto Rico. PRUF ¶ 7; Docket No. 84, pg. 7.

Peterson, et al. v. Municipality of Luquillo, et al.                                                Page 4

5. On March 11, 2022, the Department of Natural & Environmental Resources ("DRNA") sent a letter to the Hon. Jesus "Jerry" Márquez ("Mr. Márquez"), the mayor of the Municipality. In that letter, the DRNA indicated that after its staff visited the Playa Costa Azul area in Luquillo, where an incident involving a fallen palm tree occurred, it recommended that the Municipality move forward with the removal of certain palm trees in that area. PRUF ¶¶ 17, 19-20; Docket No. 84, pgs. 8-9.[2]

6. On April 22, 2022, Plaintiffs sent a letter to the DRNA. Therein, Plaintiffs notified the DRNA about the Accident.[3] MSUF ¶ 3; Docket No. 75, pg. 3.

7. On August 18, 2022, GAD Adjusters, a firm of independent adjusters hired by Multinational Insurance, the DRNA's insurance company, sent a letter to the Plaintiffs letting them know that the Beach

---

[2] It is worth noting that the letter does not state when the purported incident occurred. Further, the letter does not mention if individuals were injured. *See* Docket Nos. 83-1 and 89-1.

[3] The April 22, 2022 letter was not submitted to the Court. However, it was repeatedly mentioned by the parties in their respective briefs. *See* Docket No. 75-1, pgs. 1-2; Docket No. 83, pgs. 3-4, 13.

Peterson, et al. v. Municipality of Luquillo, et al.                                    Page 5

where the Accident occurred "is owned by the Municipality." MSUF ¶ 4; Docket No. 75, pg. 3.

8. On August 22, 2022, Plaintiffs sent a letter to the Municipality regarding the Accident (the "First Letter"). MSUF ¶ 5; Docket No. 75, pg. 3.

9. On February 14, 2023, Plaintiffs sent a second letter to the Municipality (the "Second Letter"). The Second Letter was received by the Municipality on February 24, 2023. Therein, Plaintiffs summarized the extrajudicial efforts they had undertaken thus far and incorporated additional details about their claims regarding the Accident. MSUF ¶¶ 8-9; Docket No. 75, pg. 3.

10. The First Letter and the Second Letter were not addressed to the current mayor of the Municipality, Mr. Márquez. MSUF ¶ 11; Docket No. 75, pg. 4; Docket No. 75-1, pgs. 1-2; Docket No. 75-2, pg. 1. The First and Second Letter also lacked the names and addresses of the witnesses and the claimants. Further, they did not specify where Plaintiffs first received medical treatment after the Accident, nor the relief sought. MSUF ¶¶ 13-15; Docket No. 75, pg. 4.

Peterson, et al. v. Municipality of Luquillo, et al.                                          Page 6

### C. Discussion

The Municipality argues that Plaintiffs did not comply with the Municipal Code's claim notice requirement. *See* Docket No. 74, pgs. 12-14. They allege Plaintiffs first notified the Municipality about the Accident via the First Letter. But that First Letter was sent after the Municipal Code's 90-day statutory term to notify the Municipality had already elapsed. *Id.* at 13. Further, they indicate that the notice itself was defective because it (1) was not addressed to the mayor of the Municipality; (2) did not state the place, cause, and/or nature of the damages suffered; (3) did not state the amount of monetary compensation or the type of relief sought; (4) did not include the names and addresses of the witnesses and claimants; and (5) did not indicate where Plaintiffs first received medical treatment after the Accident. *Id.* By not complying with the Municipal Code's notice requirements, the Municipality argues that no legal action may be initiated against it. *Id.* at 12-14.

Plaintiffs disagree. First, Plaintiffs contend that the Municipality had alternate means to become aware of both the Accident and the damages they suffered. *See* Docket No. 83, pgs. 7-10. Second, they indicate that they provided notice

Peterson, et al. v. Municipality of Luquillo, et al.                                    Page 7

within the 90-day statutory period. *Id.* at 10-12. They reason that since their damages are ongoing and some only became apparent months after the Accident, because they sent the notice within 90-days after the most recent damages became apparent, the notice was timely. *Id*. Third, they argue that, due to their ongoing physical and mental disabilities, they may benefit from the exception listed in the Municipal Code that would allow the Court to construe their notice as timely. *Id.* at 12. Fourth, they claim that "just cause" exists which would excuse their failure to comply with the Municipal Code's notice requirement because the Municipality was timely notified of the Accident by third parties. *Id.* at 12-14.

While the Municipal Code's notice requirement must be strictly complied with, "the notice requirement is not jurisdictional." *See Carrasquillo-Serrano v. Mun. of Canóvanas*, 991 F.3d 32, 40 (1st Cir. 2021). Plaintiffs, however, must "demonstrate compliance with the statute in order to successfully resist dismissal". *See Aponte Dávila v. Mun. of Caguas*, Civil No. 13-1367 (PAD), 2014 WL 12980241, at *2 (D.P.R. June 6, 2014). But what exactly are the notice requirements Plaintiffs had to comply with? Article 1.051 of the Municipal Code provides the answer to that question.

Peterson, et al. v. Municipality of Luquillo, et al.                                               Page 8

That article states that no action of any kind may be initiated against a municipality for damages caused by fault or negligence, unless written notice is given to the municipality by the claimant in the form, manner, and within the timeframe provided therein. *See* P.R. LAWS ANN. tit. 21, § 7082. Specifically, Article 1.051 states that the written notification must (1) be addressed to the mayor of the municipality; (2) clearly and concisely state the date, place, cause, and general nature of the damage suffered; (3) specify the type of relief sought; and (4) include the names and addresses of the witnesses, and the address of the claimant. *Id.* Further, in personal injury cases, such as the one at hand, the notice must also state where the claimant first received medical treatment. *Id.* This notice must be delivered via certified mail or be personally submitted within ninety (90) days from the date on which the claimant became aware of the claimed damages. *Id.* However, if the claimant is mentally or physically unable to provide notice within this 90-day period, they are exempt from the requirement and must instead give notice within thirty (30) days after their incapacity ceases. *Id.*

      As the undisputed facts in this case confirm, the First Letter, failed to satisfy Article 1.051's requirements. A review

Peterson, et al. v. Municipality of Luquillo, et al.                                    Page 9

of the First Letter shows that it (1) was not addressed to the mayor; (2) did not specify the cause of the Accident and the general nature of the damages; (3) did not state the relief sought; (4) did not include the names and addresses of the witnesses and the claimants; and (5) did not specify where Plaintiffs first received medical treatment. *See* Docket No. 75-1. And what sounds the death knell here is that Plaintiffs ultimately concede that they did not comply with the Municipal Code's notice requirements.[4]

Now, Plaintiffs also attempt to argue that the Municipality had other means to find out about the Accident and so strict compliance with the Municipal Code's notice requirement was not necessary. Plaintiffs' argument is belied by the record. It is undisputed that on March 11, 2022, the Municipality was contacted by the DRNA regarding an

---

[4] MSUF ¶ 16 states "The letter sent by the plaintiff's legal representative does not comply with what is established in the Municipal Code of Puerto Rico regarding the notification requirement of the Municipalities." *See* Docket No. 75, pg. 4. Plaintiffs admitted that MSUF, but also qualified it. *See* Docket No. 84, pg. 4. However, the qualification does not trump the fact that Plaintiffs did not send the First Letter within the 90-day timeframe and that the First Letter did not include the necessary information to satisfy the notice requirement. The same holds for the Second Letter since it was sent after the First Letter. Admittedly, the Second Letter includes a bit more of information, but it is still deficient and untimely.

Peterson, et al. v. Municipality of Luquillo, et al.                                  Page 10

incident in the vicinity of Playa Costa Azul/La Pared in Luquillo. *See* UF ¶ 5. But that letter failed to mention the date of the Accident, the individuals affected, or any details regarding damages. So, it cannot be said that the Municipality was put on notice about the Accident when it received the DRNA's letter. Moreover, it is undisputed that Plaintiff Peterson was taken to the Centro Médico Hospital, however, there is no evidence that that hospital is located in Luquillo.

Lastly, Plaintiffs attempt to argue that they can reap the benefits of Article 1.051's exception to the 90-day notice period when the claimant is mentally or physically unable to comply with the 90-day notice requirement. But that argument is a nonstarter here. Plaintiffs never contend that their initial damages rendered them "mentally or physically" unable to comply with the 90-day requirement. And to the extent they argue that they continue to suffer lifelong injuries and so they reason their notice was timely because their damages are ongoing, well, that argument fares no better. If the Court were to accept that argument, it would render Article 1.051's time limitations meaningless because neither the 90-day nor the 30-day clock would ever begin to run, let alone, expire. Therefore, the Court finds that the Plaintiffs

failed to comply with the Municipal Code's notice requirement and none of the exceptions that would render their letters to the Municipality as timely apply.

The Court adds a coda: The Municipal Code's notice requirement does not apply to the Municipality's insurance company. *See Lawes v. Mun. of San Juan*, Civ. No. 12-1473 (DRD), 2016 WL 297431 at *6 (D.P.R. Jan. 22, 2016). In this case, the Municipality's insurance company, MAPFRE PRAICO Insurance Company ("MAPFRE") has already appeared. And Plaintiffs' claims against MAPFRE are still pending before this Court. MAPFRE's next move in this case or the Plaintiffs' next move against MAPFRE, are questions for another day.

## II. Conclusion

In short, the Court hereby **GRANTS** the Municipality's Motion for Summary Judgment at Docket No. 74. Partial Judgment dismissing Plaintiffs' claims against the Municipality will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September 2024.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE