# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KERRY PETERSON, ET AL.,**<br>    Plaintiffs,<br><br>    v.<br><br>**MUNICIPALITY OF LUQUILLO, ET AL.,**<br>    Defendants. | CIV. NO. 23-1094 **(MDM)** |

## MEMORANDUM ORDER

Pending before the Court are co-defendant MAPFRE PRAICO Insurance Company's ("MAPFRE") *Motion to Deposit Funds and for Entry of Partial Judgment Dismissing All Claims Against MAPFRE* (Docket No. 150), joined and supplemented by its *Motion for Entry of Partial Judgment* (Docket No. 157). Plaintiffs Kerry Peterson and Calvin Patterson ("Plaintiffs") opposed. (Docket No. 160). For the reasons stated below, the request for dismissal is **DENIED**, though the deposit of policy proceeds is **NOTED and APPROVED**.

### I.   Background

MAPFRE, the insurer for the Municipality of Luquillo, seeks leave to deposit its policy limits of $150,000 into the registry of the Clerk of the Court and requests entry of partial judgment dismissing with prejudice all claims against it. MAPFRE asserts that its policy limits represent the full extent of its financial responsibility under Puerto Rico law and that, once tendered, the insurer should be deemed discharged from all further liability or participation in the proceedings.

Plaintiffs oppose dismissal, contending that such a ruling would be premature and prejudicial. They note that the case remains in active litigation, with issues of comparative negligence, allocation of fault, and the potential liability of other defendants—including newly discovered insurance coverage—still unresolved. Plaintiffs also emphasize that dismissal of MAPFRE at this juncture could confuse

the factfinder and unfairly prejudice their case presentation at trial. The Court agrees.

## II. Discussion

### A. *Deposit of Policy Proceeds*

MAPFRE correctly notes that, pursuant to Article 20.020 of the Puerto Rico Insurance Code, 26 L.P.R.A. § 2002, an insurer's financial responsibility is generally limited to the amount stipulated in the insurance contract. *See Pagán Caraballo v. Silva*, 122 D.P.R. 105 (1988); *Ramos Rosario v. E.L.A.*, 1988 TSPR 49. This limitation prevents an insurer from being compelled to pay more than its contractual obligation absent a finding of bad faith or an independent tort in claims handling.

The Court therefore acknowledges that MAPFRE's tender of its $150,000 policy limits constitutes a good-faith deposit representing the full measure of coverage for the Municipality of Luquillo under the policy. The deposit into the Court's registry is authorized and accepted.

Although Rule 67 of the Federal Rules of Civil Procedure authorizes a party to deposit money with the Court "as part of the relief sought," the Rule is procedural and does not itself create any substantive right to dismissal or discharge from liability. *See Alstom Caribe, Inc. v. Geo. P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007) (Rule 67 "is not a vehicle to alter the parties' contractual or legal relationships"). A deposit under Rule 67 may facilitate payment or protect funds in dispute, but it does not extinguish a party's obligations or entitle it to judgment in its favor absent a proper adjudication of liability or discharge through an interpleader action. *See also United States Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 210 (3d Cir. 1999) (depositing policy limits into the registry "does not automatically resolve equitable or extra-contractual claims").

Here, MAPFRE seeks dismissal with prejudice solely on the basis that it has tendered the limits of its insurance policy covering the Municipality of Luquillo. Notwithstanding that, however, issues of liability, coverage, allocation, and any potential extra-contractual obligations remain unresolved, and the Court has yet to enter judgment on the underlying tort liability of the insured. Accordingly,

MAPFRE's attempt to secure dismissal through a Rule 67 deposit is premature and legally unfounded. As several courts have observed, the mere deposit of policy limits does not automatically warrant dismissal where, as here, material factual or legal issues remain unresolved. *See e.g. U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 212 (3d Cir. 1999); *Popov v. QBE Ins. Corp.*, No. 20-cv-739, 2021 WL 3913564 (D.S.C. 2021). The act of tendering funds may satisfy the insurer's ultimate financial exposure, but it does not extinguish other potential obligations—such as participation in discovery, clarification of coverage issues, or ensuring that the factfinder has an accurate understanding of the insured's potential liability.

      B.  ***Statutory Cap and the Judicial Process***

MAPFRE further argues that, under Puerto Rico law, it "cannot be held financially responsible" beyond the $150,000 policy limit. While that proposition is correct in principle, it does not compel immediate dismissal. The insurer's statutory limitation on damages does not automatically translate into immunity from judicial participation before final adjudication. The Court must ensure a coherent record and an orderly determination of liability before entering any final or partial judgment that could affect apportionment or recovery.

As the First Circuit has cautioned, summary or piecemeal dismissals are disfavored when they risk disrupting the comparative negligence framework established under Puerto Rico law. *See Malavé-Félix v. Volvo Car Corp.*, 946 F.2d 967, 972 (1st Cir. 1991). The Court must retain jurisdiction over all responsible parties—insured and insurer alike—until the proportional liability of each has been determined.

      C.  ***Comparative Negligence and Allocation of Fault***

Puerto Rico adheres to a pure comparative negligence system, under which each defendant's responsibility is measured according to its percentage of fault. *See Soc. de Gananciales v. González Padín Co.*, 117 D.P.R. 94 (1986); *Márquez v. Casa de España de P.R.*, 159 D.P.R. 769 (2003). Any finding of comparative negligence attributed to the Municipality of Luquillo (MAPFRE's insured) will directly impact the apportionment of damages among the remaining defendants.

Accordingly, until the trier of fact, in this case, the jury, determines the Municipality's proportion of fault—if any—the precise allocation of damages and ultimate exposure of each defendant remains unknown. Additionally, if MAPFRE (the Municipality's insurer) is dismissed, the jury could be misled into thinking the Municipality bears no responsibility, especially since the Department of Natural Resources' ("DNR") insurer is expected to argue that the Municipality—not DNR—was at fault. This would prejudice plaintiffs' ability to present their case at an eventual trial and confuse the factfinder.

To dismiss MAPFRE at this juncture would risk prematurely foreclosing that determination and could create confusion or inequity in subsequent allocation proceedings. The insurer's participation, at least until fault and damages are determined, remains necessary to preserve procedural fairness and an accurate record.

### III. Conclusion

Based on the foregoing discussion, MAPFRE's deposit of $150,000 into the Court's registry is **NOTED** and **APPROVED**. However, its request for entry of partial judgment and dismissal from the case is **DENIED without prejudice**.

MAPFRE remains a party for all purposes related to the adjudication of liability, comparative negligence, and final distribution of damages. Upon entry of judgment and resolution of those issues, MAPFRE may renew its request for dismissal consistent with the findings and statutory limitations applicable at that time.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this <u>14th</u> day of November 2025.

                        s/ *Marshal D. Morgan*
                        MARSHAL D. MORGAN
                        UNITED STATES MAGISTRATE JUDGE