IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

KERRY PETERSON AND CALVIN
PATTERSON,

Plaintiffs,

v.

MUNICIPALITY OF LUQUILLO, ET
AL.,

Defendants.

CIV. NO.: 23-1094 (SCC)

**OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6) filed by Multination Insurance Company ("Defendant Multinational"). *See* Docket No. 198. Plaintiffs Kerry Peterson and Calvin Patterson (collectively, "Plaintiffs") opposed the same, *see* Docket No. 222, and Defendant Multinational replied, *see* Docket No. 230.

For the reasons set forth below, Defendant Multinational's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

Plaintiffs booked a tour experience in Puerto Rico with Reggie Rivera ("Mr. Rivera") as their host. *See* Docket No. 168, ¶ 13. On March 5, 2022, Plaintiffs along with their host stopped at the Luquillo coast, near beaches Costa Azul and La Pared. *Id.* at ¶ 14. There, one of Mr. Rivera's agents reportedly attempted to fasten a hammock to a tree. However, that attempt allegedly

caused the tree to fall on top of Plaintiffs. *Id.* The event caused them serious harm, for which they filed the present suit.

In their Fourth Amended Complaint, Plaintiffs advance negligence claims under the Puerto Rico Civil Code against Defendant Multinational, the insurer of Puerto Rico's Department of Natural and Environmental Resources ("DRNA"). *Id.* at ¶¶ 22-33. Although Defendant Multinational answered the initial complaint, Docket No. 11, and the Second Amended Complaint, Docket No. 88, it now moves the court to dismiss the Fourth Amended Complaint, Docket No. 198.[1] Having gone over the background of this case, the Court turns to the pending Motion to Dismiss.

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine if the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To make such a determination, the Court embarks on a two-step analysis. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). This analysis is context-specific and relies

---

[1] The Court notes that Defendant Multinational did not answer the First Amended Complaint nor the Third Amended Complaint.

on the Court's "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

First, while the Court is called to accept a plaintiff's well-pleaded allegations as true, that mandate is not limitless. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not constitute well-pleaded allegations under the Rule 12(b)(6) framework. *Iqbal*, 556 U.S. at 678. Therefore, the Court must identify and disregard conclusory factual allegations because it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citations and quotations omitted). Second, the Court examines whether the factual allegations—devoid of legal conclusions—allow "the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is, in order to survive a Rule 12(b)(6) motion, a plaintiff must have set forth allegations that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

In its Motion to Dismiss, Defendant Multinational contends that Plaintiffs' claims, as pled in the Fourth Amended Complaint, fail to meet Rule 12(b)(6)'s plausibility standard. *See*

Docket No. 198, ¶¶ 16-18. Therefore, the Court proceeds to examine the Fourth Amended Complaint under that standard.

Against Defendant Multinational, Plaintiffs only raise a tort claim under the Puerto Rico Civil Code. *See* Docket No. 168, ¶¶ 22-33. They argue that the DRNA's negligence was the cause of the damages they suffered. *Id.* at ¶ 31. Furthermore, Plaintiffs aver that, as the DRNA's insurer, Defendant Multinational is liable pursuant to the Puerto Rico Insurance Code. *Id.* at ¶ 33.

Specifically, in the Fourth Amended Complaint, Plaintiffs allege that the DRNA had "a duty to properly inspect, maintain, and/or service the trees located at Playa Azul in Luquillo, so as to prevent said tree from falling from its roots and injuring persons." *Id.* at ¶ 25. They also affirm that the DRNA "had a duty to warn the Plaintiffs about the dangerous condition created by the Defendants' failure to properly inspect, remove, control, and/or service the aforementioned trees and beaches." *Id.* at ¶ 26. Plaintiffs also point out that the DRNA "had a duty to properly supervise third parties who provided maintenance services to the area where the accident occurred, to include the inspection, maintenance, and service activities of the aforementioned trees at the Playa Azul Beach …." *Id.* at ¶ 28. Furthermore, Plaintiffs allege that the DRNA breached its duties, and that said negligence was the cause of

the injuries suffered. *Id.* at ¶¶ 30-31.

Article 1536 of the Puerto Rico Civil Code states that "any person who, through fault or negligence, causes damage to another, is obligated to repair it." *Rivera v. Costco Wholesale Corp.*, Civ. No. 23-1321, 2026 WL 1180480, at *10 (D.P.R. Jan. 29, 2026) (citing Article 1536, 31 PR Laws Ann. tit. 31, § 10801). To establish a negligence claim under Article 1536, Plaintiffs were tasked with pleading the following: "(1) evidence of a physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022).

For its part, the Puerto Rico Insurance Code provides that an "individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly." *Arroyo-Torres v. González-Méndez*, 212 F.Supp.3d 299, 302 (D.P.R. 2016) (citing Puerto Rico Insurance Code, § 20.010, P.R. Laws Ann. tit. 26, § 2003). Therefore, in addition to alleging that they suffered damages caused by the DRNA, Plaintiffs must also allege that Defendant Multinational is the DRNA's

insurer and that the damages are recoverable under the terms and limitations of the policy they agreed to.

The Court finds that Plaintiffs' allegations pass scrutiny under Rule 12(b)(6). In the Fourth Amended Complaint, Plaintiffs allege that they suffered injuries, that is, that a tree fell from its roots and caused them significant harm. *See* Docket No. 168, ¶ 14. Plaintiffs also aver that the DRNA had a legal duty to inspect and maintain the area where the accident happened, and that it failed to do so. *Id.* at ¶¶ 25-30. Plaintiffs also contend that the DRNA's failure to comply with its duties was the cause of their damages. *Id.* at ¶¶ 31. Lastly, Plaintiffs pled that Defendant Multinational was the DRNA's insurer, and therefore liable under the Puerto Rico Insurance Code. *Id.* at ¶ 32. Taking all these allegations as true, as the Court must at this procedural juncture, the Court holds that Plaintiffs have set forth a plausible negligence claim against Defendant Multinational.[2]

---

[2] In their response to the Motion to Dismiss, Plaintiffs argued Defendant Multinational waived the defenses it now raises. *See* Docket No. 222, pgs. 1-4. In view of the Court's ruling today, finding that the allegations in Plaintiffs' Fourth Amended Complaint set forth a plausible claim for relief, the Court need not consider Plaintiffs' waiver argument.

## IV. CONCLUSION

In light of the above, Defendant Multinational's Motion to Dismiss is **DENIED**. Defendant Multinational shall answer the Fourth Amended Complaint on or before **August 25, 2026**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of August 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE